487 P.2d 701

**NORTH DAVIS BANK, a Utah banking corporation, Plaintiff and Respondent,**

**v.**

**C. Richard BARBER and Alta M. Fogle, Executrix of the Estate of Dan R. Fogle, as Substitute Defendant for Dan R. Fogle, Defendants and Appellants.**

No. 12229.

Supreme Court of Utah.

July 19, 1971.

---

Lee W. Hobbs, Salt Lake City, for defendants-appellants.

James P. Cowley, and Robert D. Maack, of Pugsley, Hayes, Watkiss, Campbell & Cowley, Salt Lake City, for plaintiff-respondent.

SAWAYA, District Judge:

Plaintiff filed this action against two defendants, setting forth three causes of action, only the third of which affects the defendant Dan R. Fogle, the appellant herein. He died during the pendency of the action, and by stipulation of the parties, his surviving widow, Alta M. Fogle, was substituted for the said Dan R. Fogle for the purposes of trial.

The trial court found that Fogle was indebted to the plaintiff as prayed in the complaint and entered its judgment against appellant, Alta M. Fogle, as substitute defendant, in the amount, including interests and attorney's fees, of $5704.24.

The facts as pertinent to the issues raised by appellant, are that he, Fogle, purchased sand from the defendant Barber and agreed to pay therefor to the plaintiff bank, to apply to the obligation of Barber to the bank, the sum of $5415. On July 11, 1966, Fogle executed an agreement to obtain and secure a bank loan with the bank, under the terms of which Fogle was paid $5415 in order to purchase the sand and he agreed to make payment on the loan at the rate of 50½ cents for each ton of sand used or removed approximately 70 days after the month the sand was used or removed, or in any event, no later than July 31, 1967. The record is clear that neither sufficient sand was used or removed by Fogle so as to total the amount of the loan computed at 50½ cents per ton, nor was the loan paid in full by the due date of July 31, 1967.

The defendant denied that he incurred personal liability under the agreement with the bank, the agreement providing, inter alia:

It is understood that the Borrower [Fogle] is not personally liable for the payment of the $5,415.00, but that the Bank is relying upon the sale of the sand and/or aggregate as the means of repaying the loan.

Defendant contends that for the bank to have a personal judgment against him, it must have been shown that he did in fact use or remove sufficient sand or approximately 10,800 tons.

The contract further provides:

In the event the Borrower fails to use the sand during the 1966 construction season or by July 31, 1967, or should he default in the payments hereunder, the Bank shall have the right to satisfy the obligation through its remedies as provided for in the Uniform Commercial Code. * * *

It is clear that Fogle contracted to repay the loan to the bank in installments based upon the amount of sand used or removed during a designated month; however, it is equally clear that he contracted to pay the bank in full if all the sand necessary to repay the loan had not been used or re-

moved by July 31, 1967. The bank reserved its remedies under the Uniform Commercial Code in the event the loan had not been repaid by that date, and although defendant urges that he incurred no liability under the agreement if sufficient sand was not removed, it is clear from reading the entire document that it was not necessary for plaintiff to prove that defendant did or did not use or remove sufficient sand, but it is only necessary to show that he failed to make the proper payment by July 31, 1967. This, in itself, is sufficient to constitute a breach of the material provisions of the contract.

During the trial, defendant sought to introduce evidence of the amount of sand removed by the introduction of a written summary of certain business records apparently too voluminous or cumbersome to be brought before the court for inspection. The trial judge excluded the exhibit on the apparent ground that the written summary could be admitted in evidence only if the original documents were before the court or available to the court and counsel for inspection for accuracy and validity. This court in the case of Sprague v. Boyles Brothers Drilling Co., 4 Utah 2d 344, 294 P.2d 689, stated:

> * * * where original book entries, documents or other data are so numerous, complex, or cumbersome that they cannot be conveniently examined by the fact trier, or where it would materially aid the court and the parties in analyzing such material, that a competent person who has made such examination may present such evidence. *This is subject to the limitation* that the evidence must be shown to be developed from records, * * * the competency of which has been established, *and the records must be available for examination by the opposing parties and the witness subject to cross-examination concerning such evidence.* * * * [Emphasis added.]

In the absence of a showing that the original records were available to the court and counsel for inspection, it is clear that the trial court's ruling denying admission of the written summary thereof was correct.

Defendant further contends that evidence of the quality of the sand, which he contends to have been inferior, was improperly excluded by the trial court. The quality of the sand was not an issue as between the bank and defendant. The bank did not sell the sand to defendant and consequently could not have warranted its quality. Defendant purchased the sand from defendant Barber, and any action for claimed breach of warranty would have to be against the seller. The trial court properly excluded evidence of the quality of the sand.

The trial court found that Fogle had paid the bank a portion of the amount due and

computed the balance together with interest as provided in the contract and attorney's fees as stipulated by the parties. The evidence supports the findings and judgment of the court and the same is, therefore, affirmed with costs to respondent.

CALLISTER, C. J., and ELLETT, TUCKETT and CROCKETT, JJ., concur.

HENRIOD, J., does not participate herein.